UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CECIL CHAMPION,

       Plaintiff,

   v.                                Case No. 08-cv-895-JPG

ILLINOIS MARINE TOWING, INC.,

       Defendant.

## MEMORANDUM AND ORDER

This matter comes before the Court on the Combined Motion to Dismiss and Memorandum in Support Thereof (Doc. 26) filed by Defendant Illinois Marine Towing, Inc. ("Illinois Marine").

Currently, Plaintiff Cecil Champion ("Champion") stands in violation of three court orders. First, Champion has failed to obtain substitute counsel or file his personal appearance as mandated by Magistrate Judge Proud's Order (Doc. 24) of July 1, 2009. Champion's original counsel had moved to withdraw from representation because their "inability to communicate with [Champion had] rendered it unreasonably difficult for the lawyers to carry out the representation of [Champion] effectively." (Mot. to Withdraw 2). Second, Champion never complied with Magistrate Judge Proud's Order (Doc. 25) that granted Illinois Marine's Motion to Compel (Doc. 17) a response to interrogatories and request for production of documents. In fact, the discovery requests at issue in said motion had been initially mailed to Champion almost six months prior to the Court's ruling. Finally, Champion has yet to respond to the Court's Memorandum and Order (Doc. 27) to show cause regarding the lack of a response to Illinois Marine's instant motion to dismiss. Champion was to show cause on or before September 25, 2009, which has come and gone.

To say that this case is in want of prosecution or that Champion has failed to comply with the Court's orders would be an understatement. "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claims against it." Fed. R. Civ. P. 41(b). Further, with respect to Champion's violation of Magistrate Judge Proud's discovery order, if a party "fails to obey an order to provide or permit discovery . . . . the court where the action is pending may issue further just orders . . . [including] dismissing the action or proceeding in whole or in part . . . ." Fed. R. Civ. P. 37(b)(2)(A)(v). Finally, as stated in the previous show cause order, the Court may construe a party's failure to file a timely response as an admission on the merits of the motion. Local Rule 7.1.(c). The Court has full authority to dismiss Champion's case and sees no reason not to do so. However, before formal dismissal or judgment is entered, the Court will entertain the prospect of monetary sanctions.

The Court notes that, due to Champion's non-responsiveness to all persons involved in this case and his apparent disregard for the Court's orders, sanctions in addition to dismissal may be appropriate. The Court has authority to issue such sanctions *sua sponte* and may do so even though Champion currently does not have counsel. Fed. R. Civ. P. 11(c)(3); *Miller v. United States*, 868 F.2d 236, 242 (7th Cir. 1989) (wherein a penalty of $1,500 was assessed against a *pro se* litigant). In fact, this order does not represent the first time that sanctions have been brought to Champion's attention, as Magistrate Judge Proud's discovery order explicitly warned plaintiff "that any failure to comply with this Court's orders or to follow the Federal Rules of Civil Procedure may result in sanctions, which may include monetary penalties . . . ." (Order 2). Accordingly, this order commands Champion to show cause why sanctions, including a monetary penalty, should not be imposed against him.

To summarize, the Court will be granting Illinois Marine's Combined Motion to Dismiss

and Memorandum in Support Thereof (Doc. 26) and will be dismissing the case with prejudice.

However, first, the Court **ORDERS** Champion to **SHOW CAUSE** on or before October 23, 2009, why his conduct in this litigation does not warrant a monetary sanction.

**IT IS SO ORDERED.**
**DATED: October 6, 2009**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
